IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16-cr-00045-GHD-RP

JASON L. MONCRIEF  DEFENDANT

## ORDER OF FURTHER LEGAL AUTHORITY FOR BENCH RULING AT SENTENCING

On February 8, 2017, Defendant Jason L. Moncrief (the "Defendant") pled guilty to one count of knowing possession of unregistered firearms, to include destructive devices, in violation of 26 U.S.C. § 5861(d). Sentencing was set for August 24, 2017. On May 17, 2017, the Defendant filed an objection [65] to the Presentence Investigation Report (the "PSR"). The Defendant objected to the number of devices referenced in the PSR (eight), and further objected to the classification of four of the named devices as "destructive devices," contending instead that those particular devices were "overpressure devices," which the Defendant contends have not historically been recognized as "destructive devices" pursuant to 26 U.S.C. § 5861(d). The Defendant requested that the Court hold an evidentiary hearing to determine the actual number of devices possessed and the appropriate United States Sentencing Guidelines range applicable to the case.

On August 24, 2017, the sentencing hearing was held. On the record, the Court overruled the Defendant's objections to the PSR. The Court utilizes this means to provide further legal authorities in support of its ruling on the Defendant's objections to the PSR.

The Fifth Circuit has stated:

> The National Firearms Act, 26 U.S.C. § 5841, *et. seq.*, defines the term "firearm" to include, inter alia, a "destructive device." 26 U.S.C. § 5845(a)(8). "[A]ny explosive, incendiary, or poison gas . . . bomb" is a "destructive device." § 5845(f)(1)(A). A "destructive device" also includes "any combination of parts either designed or intended for use in converting any device into a destructive device . . . and from which a destructive device may be readily assembled."

1

> § 5845(f)(3). A homemade explosive device is a prohibited destructive device under § 5845(f) even if all of its individual components may be possessed legally. *United States v. Price*, 877 F.2d 334, 337 (5th Cir. 1989). "Moreover, unassembled components fit within the definition of a destructive device if the defendant possesses every essential part necessary to construct an explosive device, and if those parts may be assembled readily." *Id.*; *see also United States v. Wilson*, 546 F.2d 1175, 1177 (5th Cir. 1977).

*United States v. Hunn*, 344 F. App'x 920, 921 (5th Cir. 2009) (per curiam); *see United States v. Swan*, 259 F. App'x 656, 656 (5th Cir. 2007) (referring to four hand-made explosive devices). The Fifth Circuit has found that the presence of nails or tacks in the subject device can be indicia of an explosive device. *See United States v. Waits*, 581 F. App'x 432, 434-35 (5th Cir. 2014) (per curiam) (citing *United States v. Hammond*, 371 F.3d 776, 780 (11th Ci. 2004)). Furthermore, in *United States v. Waits*, 581 F. App'x 432 (5th Cir. 2014) (per curiam), the Fifth Circuit found that despite the defendant's argument that the objective features of the device in question did not support a finding that it was designed as a weapon, the device nonetheless functioned as a weapon/destructive device. *Id.* at 435. The Fifth Circuit stated: "Although the device did not contain nails or tacks, it was designed so that the explosion of the metal cylinder itself would release shrapnel. Regardless of [defendant's] stated intent to use the device to blow up stumps, its design demonstrates that it was an explosive pipe bomb capable of releasing shrapnel, which meets the definition of a destructive device." *Id.* (citing *United States v. Charles*, 883 F.2d 355, 357 (5th Cir. 1989)). Similarly, in *United States v. Johnson*, 152 F.3d 618, 621 (7th Cir. 1998), a case cited by the Fifth Circuit in *Waits*, the devices at issue were pipe bombs 10 inches long filled with explosive components and having igniter or fuse attached. The Fifth Circuit rejected the defendant's explanation that his devices were poorly constructed and that he intended them to be used only as a hoax and not as weapons, and holding that the devices were useful only as weapons, given their objective characteristics that included all the ingredients necessary to make a destructive device, including shrapnel. *Johnson*, 152 F.3d at 627–28. Also similar, in *Hunn*, the

2

Fifth Circuit found: "The record demonstrates that [defendant's] device was designed to be a weapon, contained explosives, could ignite, did ignite, and was a bomb"; this supported a finding beyond a reasonable doubt at trial that defendant "possessed a 'destructive device' within the meaning of the National Firearms Act." *United States v. Hunn*, 344 F. App'x 920, 921 (5th Cir. 2009) (per curiam) (citing *United States v. Lewis*, 476 F.3d 369, 377 (5th Cir. 2007)).

Based on all of the foregoing, as well as the authority and reasoning cited at the sentencing hearing in this cause, the Court found that the Defendant had failed to meet his burden.

"Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). Unlike trial convictions, "sentencing factors need not be proved beyond a reasonable doubt, but only by a preponderance of the evidence." *United States v. Camacho*, 172 F.3d 866, 1999 WL 129651, at *1 (5th Cir. Feb. 1, 1999) (per curiam) (citing *United States v. Casto*, 889 F.2d 562, 569–70 (5th Cir. 1989)).

The United States Probation Service is tasked with the responsibility of presenting all relevant information for the Court's consideration in the sentencing process. The information contained in the PSR was proved by a preponderance of the evidence.

For all of the foregoing reasons, the Defendant's objections to the PSR were OVERRULED.

SO ORDERED, this, the 25th day of August, 2017.

_____
SENIOR U.S. DISTRICT JUDGE